[Civil No. 2023.  Filed November 28, 1922.]

[210 Pac. 564.]

## C. A. ORR, Appellant, v. C. M. WHISLER, Appellee.

1. CONTRACTS — DEFENDANT, WHO AGREED TO PAY BALANCE OF NOTE ON TAKING OVER MAKER'S BUSINESS OUT OF PROFITS OR PROCEEDS OF SALE OF BUSINESS, NOT LIABLE, IN ABSENCE OF EVIDENCE OF PROFITS OR SALE OF BUSINESS.—In an action on a note against one who took over the maker's business and promised to pay the balance of the note out of the profits or proceeds of the business, evidence *held* not to entitle plaintiff to recover, in that there was no evidence that defendant had made any profits or had sold the business, or received any of the proceeds of the sale thereof.

2. CONTRACTS — TAKING OVER OF MAKER'S BUSINESS AS AGENT OR MANAGER AND NOT AS OWNER NOT A SUFFICIENT CONSIDERATION FOR PROMISE TO PAY BALANCE OF NOTE.—Where defendant took over maker's business as an agent or manager, and not as an owner, the taking over of the business was not a sufficient consideration for the promise to pay the balance of the note.

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. S. Jenckes, Judge. Judgment reversed and cause remanded, with directions to dismiss.

## STATEMENT OF FACTS.

The plaintiff, Whisler, sued C. A. Orr alleging his cause of action as follows: That Edgar Orr on August 26, 1920, gave plaintiff his note for $385 and on October 15, 1920, was indebted to plaintiff in the sum of $260 with interest and attorneys' fees; that the defendant agreed to pay the debt of Edgar Orr, and to take the promise out of the statute of frauds, and for the purpose of showing consideration, further alleged:

"And that on or about said October 15, 1920, said Edgar Orr failed in business at said place, and said garage and repair-shop was taken over and thereafter conducted by the defendant, and at said time and place the defendant, in consideration of plaintiff's forbearance to sue the said Edgar Orr on said note, promised to pay said note according to the terms thereof to plaintiff out of the profits of said business, or, in case he the said defendant could sell said business, he would then pay plaintiff said note; and plaintiff, in reliance upon said promise did not sue said Edgar Orr on said note; that defendant received valuable machinery and supplies in the taking over of said business, and thereafter conducted said business at a profit, and before the filing of this suit said defendant sold said business to third parties, and failed and refused, and now fails and refuses after demand to pay said note."

The defendant's answer was a general demurrer and demurrer for the reason that action was barred by the statute of frauds, and a general denial. The demurrers were overruled.

The plaintiff testifying gave his version of defendant's promise to pay Edgar Orr's debt as follows:

". . . And he (C. A. Orr) said . . . that the way Edgar was running the garage he would have to take it over and try to make something out of it, and he asked me not to crowd Edgar for the money he owed me and he would pay me as he could, as he made it out of the business and he said: 'If I get a chance to sell this business out . . . I will pay you.' "

Plaintiff further testified that defendant told him he had taken the business over and later had sold it to a Mr. Prosser. Other witnesses testified to facts tending to show defendant took the garage over and ran it from some time in October, until the twenty-first day of December, 1920. There was no evidence that it was run at a profit. The only substantial evidence of a sale of the business was that Edgar Orr, on December 21, 1920, sold it to James D. Prosser, for the consideration of the latter's promise to pay certain of the debts owing by the business. The jury returned a verdict in favor of plaintiff for the amount sued for, and judgment was accordingly entered. The defendant appeals.

Messrs. Gandy & Cunningham, for Appellant.

Messrs. Moore & Garcia, for Appellee.

ROSS, C. J.—(After Stating the Facts as Above.) We pass the question of the sufficiency of the complaint to state a cause of action because, if it be conceded that it does state a cause, we think there was a total absence of proof to support it. According to the plaintiff's own version of what took place between him and defendant towards the latter's promising to pay the balance of Edgar Orr's note, the defendant only bound himself to pay it out of the profits or proceeds of the business, and, since there was no showing of any profits, or that defendant ever sold the business or received any of the proceeds of the sale, even

if the contract alleged was one that could be enforced, as outside the statute of frauds, the suit must fail, because the evidence does not support the action alleged.

The contention of appellee that the fact of the defendant's taking over the business of the debtor, Edgar Orr, and running it was a sufficient consideration for defendant's promise to pay balance of note is not tenable, because the evidence further tends to show that defendant's connection with the business was rather that of agent or manager than owner. The complaint fails to show the defendant took the business over as owner, much less the evidence.

The only consideration alleged in the complaint inuring to the defendant was forbearance to sue the debtor.

"A promise to a creditor to pay his debtor's debt, the debtor not being discharged by the arrangement, in consideration of the creditor giving time to the debtor, or forbearing to sue him, or settling, or discontinuing a suit against him . . . is within the statute of frauds for the reason that such considerations are not regarded as directly beneficial to the promisor." 27 C. J. 150, § 33.

The allegation to forbear suing was not supported by the evidence, it showing that the plaintiff only gave time to the debtor in which to pay the note.

Because the verdict and judgment are unsupported by the evidence and contrary to law, the order will be that the judgment be reversed and the cause remanded, with directions that same be dismissed.

McALISTER and FLANIGAN, JJ., concur.